UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | No. 07 CR 50068 |
| ) | Judge Philip G. Reinhard |
| KATHLEEN THOMPSON   ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT'S OBJECTION TO THE
PRESENTENCE INVESTIGATION REPORT**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to the defendant's objection to the Presentence Investigation Report ("PSR").

The defendant's embezzlement related to her sale of "pull-tabs" and operation of bingo games for her employer, the International Brotherhood of Teamsters Local 325 ("Local 325"). Local 325 conducted bingo games and sold pull-tabs in its union hall in Rockford, Illinois on a weekly basis. Thompson was in charge of the games and sales. Noting the defendant's responsibilities and the trust that Local 325 placed in her, the PSR determined that a two level increase for abuse of a position of private trust applies.[1] See PSR at 66-104.

Section 3B1.3 of the Sentencing Guidelines provides for a two-level enhancement if the "defendant abused a position of public or private trust . . . in

---

[1] In the plea agreement, the government and the defendant agreed that this enhancement was inapplicable. See Plea Agreement, R. 6 at 5.

a manner that significantly facilitated the commission or concealment of the offense. . . ." A "position of public or private trust [is] characterized by professional or managerial discretion," and persons holding such positions "ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." USSG § 3B1.3, comment. (n. 1). Accordingly, the enhancement "does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk. . . ." *Id.*

The application of this enhancement is fact-dependent. Some of the facts noted in the PSR (and which are not disputed by the defendant in her Sentencing Memorandum (hereinafter "Def. Sent. Memo.")) support a finding of abuse of trust.[2] Some of the factors set forth by the defendant in her memorandum weigh against such a finding.[3] Still other factors alleged by the defendant are neutral, neither supporting nor undermining the application of the enhancement. See Def. Sent. Memo. at 5 (superiors had access to where

---

[2] The defendant has responsibility and control over ordering and maintaining pull-tabs and in reporting receipts and payoffs. She also had discretion to accept and cash checks from patrons, although not on such a grand scale as the Player's checks. PSR at 78-91.

[3] The defendant was not vested with managerial or professional discretion and the defendant's supervisor initially gave the defendant approval to cash the Player's checks that exceeded the amount for which the defendant could approve. Def. Sent. Memo. at 5.

proceeds and pull-tabs were kept). On balance, the government believes that under the specific facts of this particular case, the enhancement is inapplicable.

Application Note 5(B) directly addresses the situation where a defendant is embezzling or stealing from a labor union. Where the defendant is a union officer or occupies a position of trust as set forth in 29 U.S.C. § 501(a), the enhancement is to be applied.[4] The defendant was neither an officer of Local 325 nor did she occupy a position of trust as set forth in the statute. While Note 5(B) would not prevent the application of this adjustment, it is highly instructive and weighs against applying the enhancement.

WHEREFORE, the government responds to the defendant's objection.

                    Respectfully submitted,

                    PATRICK J. FITZGERALD
                    United States Attorney

By: */s/ John G. McKenzie*
     JOHN G. McKENZIE
     Assistant United States Attorney
     308 W. State Street - Room 300
     Rockford, Illinois   61101
     (815) 987-4444

---

[4] Section 501(a) identifies "officers, agents, shop stewards, and other representatives of a labor organization [that] occupy positions of trust in relation to such organization and its members as a group." The duties and responsibilities of members of this group differ from those of the defendant.

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**United States' Response to Defendant's
Objection to the Presentence Investigation Report**

was served on May 1, 2008, pursuant to the district court's ECF system as to ECF filers, if any, and a copy was hand-delivered to the United States Probation Office.

*/s/ John G. McKenzie*
JOHN G. McKENZIE
Assistant United States Attorney
308 West State Street - Room 300
Rockford, Illinois 61101
(815) 987-4444